IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MARCUS LOUIS COOK,                        )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        CV 319-056
                                          )
WARDEN ANTOINE CALDWELL;                  )
SERGEANT WILLIAMS; OFFICER                )
BURTON; UNIT MANAGER CARR;                )
PSYCHIATRIST HUNSUCKER; JOHN              )
DOE, Chief Counselor; and JOHN DOE, Mail  )
Room Staff,                               )
                                          )
            Defendants.                   )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Central State Prison in Macon, Georgia, originally filed this action in the Middle District of Georgia pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Johnson State Prison ("JSP"). Because Plaintiff's claims occurred at JSP, on July 16, 2019, United States District Judge Marc T. Treadwell transferred this case to the Southern District of Georgia. (Doc. no. 5.) Notwithstanding the payment of the filing fee, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.

## I.       BACKGROUND

On July 31, 2019, Plaintiff submitted a document titled "Declaration," wherein he includes different Defendants from his original complaint and a proposed order for a preliminary injunction without submitting a motion for preliminary injunction.  (Doc. no. 9.)  On August 8, 2019, Plaintiff submitted the $400.00 filing fee.

Upon conducting an initial screening of Plaintiff's complaint, the Court ordered Plaintiff to amend his complaint because Plaintiff did not submit his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia.  (Doc. no. 10.)  Further, it was unclear from Plaintiff's complaint and Declaration which Defendants Plaintiff was asserting claims against, and thus, the Court could not properly instruct Plaintiff on how to effect service of process.  (Id.)  Lastly, the Clerk cannot properly submit a correct summons for Defendant John Doe, Mail Room Staff, without further identifying information, such as name or location of the Defendant.  (Id.)  Therefore, Plaintiff was instructed to amend his complaint within fourteen days to correct these pleading deficiencies.  (Id.)

On September 12, 2019 the Court extended Plaintiff's deadline to amend his complaint in light of the Court's denial of Plaintiff's motion for appointment of counsel and to furnish him an agent.  (Doc. no. 14.)  On September 23, 2019 the Court further extended Plaintiff's deadline to amend his complaint after being notified of Plaintiff's transfer from Johnson State Prison in Wrightsville, Georgia, to Central State Prison in Macon, Georgia. (Doc. no. 17.)  The Court cautioned Plaintiff that failing to submit a timely response would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action, without prejudice.  (Doc. no.

10, p. 4.)  The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's August 15, 2019 Order.

## II.     DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to file an amended complaint amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect

contemplated by the Local Rules.  The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed.

**III.     CONCLUSION**

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's August 15, 2019 Order.  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of November, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA