IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

MARCUS LOUIS COOK,     *
                        *
    Plaintiff,            *
                        *
    v.                    *     CV 319-056
                        *
WARDEN ANTOINE CALDWELL;     *
SERGEANT WILLIAMS; OFFICER     *
BURTON; UNIT MANAGER CARR;     *
PSYCHIATRIST HUNSUCKER; JOHN     *
DOE, Chief Counselor; and JOHN     *
DOE, Mail Room Staff,     *
                        *
    Defendants.          *

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation (doc. no. 18), to which objections (doc. no. 21) have been filed.

Moreover, the Court has also examined the filings with respect to the *pro se* prisoner mailbox rule and cannot articulate a rationale for applying it. See Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.") (citing Houston v. Lack, 487 U.S. 266, 275-76 (1988)). The prison mailbox rule is intended to place *pro se* prisoners on "equal footing with other litigants who are not impeded by the practical difficulties encountered by incarcerated [plaintiffs] in meeting filing requirements." Garvey v. Vaughn, 993 F.2d 776, 780 (11th Cir. 1993) (discussing Houston, 487 U.S. at 271-

72). These difficulties include the inability to rectify delays in the mail or monitor its progress. See id. at 782. This rule applies even when the Court never receives the filing. See Gracey v. United States, 131 F. App'x 180, 181 (11th Cir. 2005).

Plaintiff Marcus Cook states in his objection that he placed his amended complaint in the mail prior to the Court's deadline. However, he explains that he sent the amended complaint and a motion for reconsideration to his mother – who in turn was to send the filings to this Court – in an apparent effort to avoid alleged tampering with his mail by prison officials. Accordingly, the policy behind the prison mailbox rule does not apply to Plaintiff, who decided to send his filings to his mother rather than directly to the Court, thereby introducing more potential for delay. In other words, regardless of whether Plaintiff would have been entitled to the rule's protection, he sacrificed that protection by sending his filings to a third party.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's complaint without prejudice, and **CLOSES** this case.

**ORDER ENTERED** at Augusta, Georgia, this 26 day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE